UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SIDNEI R. DEMELO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SWISHER INTERNATIONAL, INC. )<br>THOMAS C. BYRNE, KIMBERLY )<br>DZIUK, and TRACY TRAFICANTE, )<br>)<br>Defendants. )<br>) | C.A. No.  1:14-cv-10266-PBS<br><br>LEAVE TO FILE GRANTED ON 3/7/14 |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO DISMISS OR STAY AND COMPEL ARBITRATION**

Defendants Swisher International, Inc. ("Swisher"), Thomas C. Byrne, Kimberly Dziuk, and Tracy Traficante (collectively, "Defendants") by and through their undersigned counsel, submit this short Reply Brief to address and respond to a few discrete factual and legal issues raised in Plaintiff's Opposition.

First, Plaintiff's "material breach" arguments in Sections III.B and C of Plaintiff's Opposition, which are based on alleged changed terms of employment, have no legal support in the context of enforcing an arbitration agreement. All of the cases cited to by Plaintiff to support his "material breach" arguments are cases involving non-compete agreements. Plaintiff did not cite to *one case* applying those legal principles to an arbitration agreement, nor can he. As noted in Defendants' original motion, if Plaintiff's legal theory is to be given any credit, it would mean that no wage and hour claim or any other claim based on an alleged material change in the terms and conditions of a plaintiff's employment (something that is arguably the basis of almost every employment-related claim brought by an employee or former employee against an employer) could ever be compelled to arbitration, which is certainly not the case nor the intent of the FAA

or the MAA.  Plaintiff's only rebuttal to that point was, essentially, that it would be nice if the execution of new arbitration agreements *were* required.  However, that is not the current state of the law and Plaintiff has not cited any legal authority that states otherwise.[1]  Moreover, issues of material breach are decided by the arbitrator, not the court.  *Boateng v. General Dynamics Corp.*, 473 F. Supp. 2d 241, 249-50 (D. Mass. 2007) (addressing claim that defendant materially breached the arbitrator agreement and explaining that "issues of waiver, breach, and estoppel should be decided by the arbitrator, not the Court").  *See also County of Middlesex v. Gebyn Construction Corp.*, 450 F.2d 53, 55-56 (1st Cir. 1971) (rejecting claim of material breach because Section 4 of FAA narrowly limits courts to "'issues relating to the making and performance of the agreement to arbitrate'" and explaining that "the only grounds for revocation which meet the requirement of 9 U.S.C. § 2 are mutual agreement or … fraud, mistake, or duress.").  For these reasons, Plaintiff's "material breach" arguments against the enforcement of his arbitration agreement should be rejected.

Second, Plaintiff's argument that his arbitration agreement is only supported by "illusory consideration" should likewise be rejected.  Again, Plaintiff cites to no analogous case to support his legal theory.  There is nothing illusory about the promises Swisher made in the arbitration agreement, including the promise to first attempt to mediate any dispute, the promise to pay the reasonable costs of the arbitration if the employee is unable to do so, and, of course, the promise to resolve claims against the employer by arbitration.  (Exhibit A to Defendant's Motion at ¶¶ 1, 2, 13).  This is not an agreement of which Swisher retained the right to unilaterally change the terms or gave Swisher the option not to comply.  *See Domenichetti v. The Salter School*, LLC,

---

[1] Plaintiff's attempt to have this Court apply a novel theory against the enforcement of arbitration agreements runs directly counter to the clear federal and Massachusetts policy in favor of arbitration.  *See, e.g., Bercovitch v. Baldwin School, Inc.*, 133 F.3d 141, 147 (1st Cir. 1998) (discussing "the strong public policy favoring arbitration"); *St. Fleur v. WPI*, 450 Mass. 345, 349 (2008) ("Similar to the Federal Act, the Massachusetts Act express[es] a strong public policy favoring arbitration.") (quotations omitted).

No. 12-11311-FDS, 2013 U.S. Dist. LEXIS 57201, *13-18 (D. Mass. April 19, 2013) (discussing court decisions that have found an arbitration agreement unenforceable "when the employer retains the unilateral right to change the terms of the agreement because such a right renders any recited promise illusory").  Plaintiff's "illusory consideration" theory that Swisher has not made a "meaningful promise" is based only on a baseless assumption of the kinds of claims that are "perhaps the most likely for an employer to bring against an employee," (Plaintiff's Opposition at 10), and it should not be given merit.  Moreover, in Massachusetts, continued employment constitutes adequate consideration for an arbitration agreement.  *Ellerbee v. Gamestop, Inc.*, 604 F. Supp. 2d 349, 354 (D. Mass. 2009) ("In Massachusetts, for a contract such as an arbitration agreement to be binding in the context of an at-will employment relationship, its acceptance by the employee need not be express and in writing. … Plaintiff's continued employment constitutes adequate consideration for the contract.") (citing to *O'Brien v. New England Telephone Co.*, 422 Mass. 686, 691 (1996)).  Therefore, Plaintiff's arbitration agreement is not lacking in adequate consideration and must be enforced.

Finally, Plaintiff's attempt to question the authenticity of the arbitration agreement attached as Exhibit A to Defendants' Motion is a red herring that should be ignored.  The only difference identified between the document Defendants attached to their Motion and the document attached to Plaintiff's Opposition is Plaintiff's handwritten name on the first page and the handwritten date on the signature page.  And even though Defendants dispute that this difference "calls into question the authenticity of the document provided by the Defendants," (Plaintiff's Opposition at 2 n.1), Defendants nevertheless invite the Court to evaluate Defendants' Motion using Plaintiff's Exhibit A rather than Defendant's Exhibit A.  The key point is that the substance of the two documents is exactly the same and Plaintiff *does not dispute that he signed the arbitration agreement*.  In Plaintiff's Opposition, he admits that "[a]t

the start of his employment, [Plaintiff] also signed a document entitled 'Mediation and Arbitration Agreement'…," referring to the document attached as Plaintiff's Exhibit A. (Plaintiff's Opposition at 2). Plaintiff admitted the same in his Complaint. (Complaint ¶ 14). Therefore, the fact that Plaintiff's personnel file may have contained a slightly different copy of Plaintiff's arbitration agreement than the one attached to Defendants' Motion, when the *substance* of the two documents is *exactly the same* and Plaintiff *admits that he signed the document*, should be disregarded by this Court as a distraction attempt.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in Defendants' Motion to Dismiss or Stay and Compel Arbitration, Defendants' Motion should be granted and Plaintiffs' Complaint be dismissed or stayed and Plaintiff compelled to submit his claims against Defendants to mediation and arbitration.

Dated:  March 14, 2014

/s/ Katharine A. Crawford
Jeffrey A. Dretler, BBO#558953
jdretler@laborlawyers.com
Katharine A. Crawford, BBO# 624192
kcrawford@laborlawyers.com
Amber L. Elias, BBO# 673974
aelias@laborlawyers.com
FISHER & PHILLIPS LLP
200 State Street, 13th Floor
Boston, MA  02109
(617) 722-0044

Attorneys for Defendants Swisher International, Inc., Thomas C. Byrne, Kimberly Dziuk, and Tracy Traficante

## **CERTIFICATE OF SERVICE**

I, Katharine A. Crawford, attorney for Defendants Swisher International, Inc., Thomas C. Byrne, Kimberly Dziuk, and Tracy Traficante hereby certify that the foregoing Reply Brief in Support of Motion to Dismiss or Stay and Compel Arbitration was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and by sending paper copies to non-registered participants as indicated on the NEF:

Emily Smith-Lee
Sana Abdullah
Rebecca C.E. Tatem
Smith Lee Nebenzahl LLP
One Post Office Square
Sharon, MA 02067

Dated: March 14, 2014   By:  /s/ Katharine A. Crawford
Jeffrey A. Dretler, Esq., BBO# 558953
jdretler@laborlawyers.com
Katharine A. Crawford, Esq., BBO #624192
kcrawford@laborlawyers.com
Amber L. Elias. Esq., BBO# 673974
aelias@laborlawyers.com
FISHER & PHILLIPS LLP
200 State Street, 13th Floor
Boston, Massachusetts 02109
(617) 722-0044

Attorneys for Defendants Swisher International, Inc., Thomas C. Byrne, Kimberly Dziuk, and Tracy Traficante